1397-15

RECEIVED

OCT 19 2015

DENISE PACHECO, CLERK
EIGHTH COURT OF APPEALS

NO. 08-14-00114-CR

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ANDROD KEON STEWART

V.

STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 26 2015

Abel Acosta, Clerk

---

FROM THE 396th DISTRICT COURT
TARRANT COUNTY, TEXAS
THE HONORABLE GEORGE GALLAGHER, PRESIDING
CAUSE NO. 1294906D

---

## PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

Abel Acosta, Clerk

(a)    Table of Contents

PAGE

Index of Authorities (b) ......................... 2

Statement Regarding Oral Argument (c) ......... 3

Statement of the Case (d) ................... 3

Statement of Procedural History (e) ......... 4

Ground For Review (f) ...................... 4,5

Argument (g) ........................... 5,6,7,8,9
    Unreasonable Suspicion That
    Led To a Traffic Stop:

Prayer For Relief (h) ...................... 9

Appendix (i) ........................... 9

## (b) Index of Authorities

CASES                                                                PAGE

ALABAMA V. WHITE
496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed. 2d 301 (1990) — — — — — — 7

BALENTINE V. STATE
71 S.W. 3d 763 (TEX. CR. APP. 2002) — — — — — — — — — 5

CLEMONS V. STATE — — — — — — — — 7
605 S.W. 2d 567 (TEX. CRIM. APP. 1980)

GARCIA V. STATE
43 S.W. 3d 527 (TEX. CR. APP. 2001) — — — — — — — — — 6

PARISH V. STATE
939 S.W. 2d 201 (TEX. APP.-AUSTIN 1997 no pet.) — — — — — — 7

REYNOLDS V. STATE
962 S.W. 2d 307 (TEX. APP.-Amarillo 1998, pet. ref'd) — — — — — — 7

ROJAS V. STATE
797 S.W. 2d 41 (TEX. CRIM. APP. -1990) — — — — — — — 8

(c) Statement Regarding Oral Argument

Appellant contends that oral argument pertaining to this petition would be helpful because a legal argument by an experience attorney will convince and persuade this court to decide the legal issue whether the trial court erred in denying Appellant's motion to suppress the evidence obtained from the stop of appellant based upon lack of reasonable suspicion from the stop.

(d) Statement of the Case

This is a petition for discretionary review from a conviction and sentence following a jury trial of the appellant in the 396th District Court of Tarrant County, Texas. Appellant was indicted for Possession w/intent to deliver a controlled substance of four grams, but less than 200 grams. Appellant was convicted of the lesser included offense of Possession of a controlled substance of four grams, but less than 200 grams. Appellant was sentenced to 35 yrs. T.D.C.J. This appeal centers around the trial court's denial of the Appellant's Motion to Suppress. The motion asserted there did not exist reasonable suspicion to validly stop appellant's vehicle. The stop of the vehicle was based on observations of otherwise legal activity and information received from an anonymous tip. The trial court denied the appellant's motion and all objections associated with it.

(3)

## (6) Statement of Procedural History

Appellant will verify that the Honorable Court of Appeals rendered Judgment affirming the Judgment of the trial court with the opinion of the 8th District of Texas Court of Appeals on September 16, 2015 regarding Court of Appeals Number 08-14-00114-CR and Trial Court Case Number 1294906D. Appellant contends there was no date for any motion for rehearing being filed or motion for rehearing being overruled!

## (7) Ground For Review

GROUND I (ONE) Unreasonable Suspicion That Led To a Traffic Stop

It is generally accepted as true that persons are protected from unreasonable searches and seizures through the Fourth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 9 of the Texas Constitution. Under these provisions, a search conducted without a warrant is per-se unreasonable and therefore illegal under both constitutions unless the state shows proof of a valid exception to the warrant requirement. At issue is the validity of the vehicular stop of the appellant following surveillance of his vehicle based upon an anonymous tip. Law enforcement officers were advised to meet in the parking lot of a Fort Worth restaurant by an unidentified individual. They were advised to look for a black car. Upon observing a black car in the reference parking lot,

(4)

officers surveilled the car. The surveillance of the vehicle produced observations of otherwise lawful activity. The anonymous tip amounted to nothing more than an unsubstantiated tip without any competent evidence that illegal activity was being observed. The only evidence that the law enforcement possess is that two individuals approached the vehicle and then quickly left. This is not enough evidence to establish reasonable suspicion to stop appellant's vehicle. Therefore, all evidence seized by law enforcement following an unlawful stop should have been suppressed because of unreasonable search and seizure.

(g) Argument
GROUND 1 (ONE) – Unreasonable Suspicion That Led to a Traffic Stop:

Appellant contends that unless the law enforcement officer has valid reasonable suspicion to believe an individual is violating the law, a temporary detention is unlawful. BALENTINE V. STATE, 71 S.W. 3d 763 (Tex. Cr. App. 2012). Appellant argues that the evidence is insufficient to give the enforcement officer valid reasonable suspicion because the surveillance that was conducted did not confirm accurately that any illegal activity took place. Appellant declares that the surveillance took place from a distance that could not accurately reflect what law enforcement believed to occurred. As was stated in trial, the law enforcement officer was unable to

(5)

testify as to which side of the car that the supposedly individuals who approached the vehicle in the parking lot went to. With this inability to testify clearly about which side of the car was approached by the individuals is an indication that what the law enforcement testified about what appeared to be some sort of transaction was misinterpreted. Reasonable suspicion only exist where the officer has specific articulable facts, that when combined with rational inference from those facts, lead the officer to reasonably conclude that a particular person actually is, has been or soon will be engaged in criminal activity. GARCIA V. STATE, 43 S.W. 3d, 527 (Tex. Cr. App. 2001). Appellant will show that there are some instances involved that can express that it is unreasonable to conclude that appellant was engaged in any criminal activity. Appellant states that after being stopped that it was plain to see that appellant had been a patron of the A & W store because of a A & W cup found in the console of the car. Likewise, the law enforcement officers did not detain the individuals that had been implied to have approached the appellant's car for any contraband. Similarly, upon being detained, law enforcement officers did not find any contraband on appellant and the contraband that was confiscated was only found after the dismantling of the interior of the car's console. This concealed contraband could not be readily accessible for any distribution of the contraband drug. Appellant will argue that there was no reasonable suspicion that could have existed that would implicate that any illegal

activity occurred. Therefore, appellant declares that this unreasonable suspicion caused an unreasonable search and seizure conducted without a warrant and without probable cause is a violation of appellant's Fourth and Fourteenth Amendment constitutional right where the basis for the search and seizure should be found unreasonable and the evidence obtained should have been suppressed and not used to prove that reasonable suspicion existed to stop appellant.

Appellant alleges that courts have held that while an anonymous tip will certainly justify the initiation of a police investigation, it is rarely enough to establish the requisite level of suspicion necessary to establish an investigation detention. ALABAMA V. WHITE, 496 U.S. 325, 329, 110 S. CT. 2412, 110 L.Ed. 2d 301 (1990); CLEMONS V. STATE, 605 S.W. 2d 567, 570 (Tex. Crim. App. 1980); REYNOLDS V. STATE, 962 S.W. 2d 307, 311 (Tex. App.–Amarillo 1998, pet. ref'd); PARISH V. STATE, 939 S.W. 2d 201, 203 (Tex. App.–Austin 1997). Appellant asserts that law enforcement officers testified that they obtained a phone number belonging to a male only known as BLACK, a distributor of heroin in the area. The phone calls to and from BLACK can be characterized as nothing more than an anonymous tip. What Appellant will argue in regard to this anonymous tip is that he has produced phone records that has shown that he does not have any phone number in all of the three phones that were confiscated showing any incoming or outgoing calls to the phone used by the law enforcement officers to contact BLACK.

(7)

It is clear there did not exist the level of detail and reliability courts require to substantiate an anonymous tip as the basis for reasonable suspicion for a stop and whatever evidence obtained should have been suppressed. Appellant maintains that the Court of Criminal Appeals determined the information provided in an anonymous tip was insufficient to establish suspicion given the totality of the circumstances in ROJAS V. STATE, 797 S.W. 2d 41 (Tex. Crim. App. -1990). Appellant asserts that the anonymous tip was insufficient to establish suspicion because the law enforcement officer considered that the phone number obtained from the anonymous tip belonged to the appellant and in this Court it had concluded there existed no personal knowledge of contraband, nor that the informer had any personal knowledge of any specific additional facts upon which police could reasonably conclude was sufficient to establish reasonable suspicion.

In summary appellant has demonstrated that there was no contact to either of his phones to show that any calls were received from law enforcement officials and that the identity of BLACK has never been associated with appellant. As a matter of fact BLACK'S identity was later recovered to be the identity of appellant's co-defendant. As such, the stop of appellant's vehicle was unlawful and did not consist of knowledge of facts and circumstances sufficient in themselves to warrant belief that a reasonable suspicion existed to stop appellant

(8)

without probable cause and the authorization to conduct a search without a search warrant.

## (h) Prayer for Relief

The Appellant was prosecuted and convicted for the offense of Possession of a Controlled Substance of more than four grams but less than 200 grams. The trial Court erred by denying the appellant's pretrial Motion to Suppress on the ground of a lack of reasonable suspicion to stop the appellant's vehicle. The evidence relied upon by law enforcement was a vague anonymous tip about nothing more than an automobile in a restaurant parking lot, and subsequently, no observation of illegal activity. Considering the totality of the circumstances, there existed insufficient evidence to establish reasonable suspicion to stop the appellant's vehicle.

Wherefore, for the foregoing reasons, Appellant request his conviction be reversed, the case remanded back to the trial court with instructions to grant the suppression motion, and consequently dismiss the case for lack of evidence, and for any and all other relief to which appellant is justly entitled.

## (i) Appendix

Appellant contends that the requirement that the petition must contain a copy of any opinion of the court of appeals cannot be complied with because appellant is confined in T.D.C.J. and is unable to have access to a copier.

(9)

## INMATE'S DECLARATION

I, Andrael Keon Stewart #1915287, am the appellant and being presently incarcerated in BETO UNIT 1391 F.M. 3328, TENNESSEE COLONY, TX. 75880, declare under penalty of perjury that to my belief, the facts stated in the above petition for discretionary review are true and correct.

Respectfully Submitted,

Signed on October, 10, 2015.

Andrael Stewart
Signature of Appellant



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANDROD KEON STEWART, | § | No. 08-14-00114-CR |
| Appellant, | § | Appeal from |
| v. | § | 396th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1294906D) |
| | § | |

## O P I N I O N

Androd Keon Steward appeals his conviction of possessing more than four grams but less than 200 grams of heroin, enhanced by two prior felony convictions. A jury found Appellant guilty, and the trial court found both enhancement paragraphs true and assessed Appellant's punishment at imprisonment for a term of 35 years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

### VALIDITY OF THE STOP

In his sole issue, Appellant asserts that the trial court erred in denying his motion to suppress because the officers lacked reasonable suspicion for the stop.

*Factual Summary*

The trial court conducted a pretrial hearing on Appellant's motion to suppress, but the parties re-litigated the suppression issue during trial on the merits. Consequently, our analysis will be based upon the evidence introduced at both the suppression hearing and trial. *See*

*Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex.Crim.App. 2007); *Rachal v. State*, 917 S.W.2d 799, 809 (Tex.Crim.App. 1996).

Jeffrey Jones is employed by the Tarrant County Sheriff's Office as a narcotics investigator. Jones received a telephone call from an informant who stated that an individual known as "Black" was distributing heroin in the area. Jones knew the identity of the informant but he did not reveal the name in his testimony and he did not specify whether the informant had given reliable information in the past.[1] According to the informant, a person could call Black and say he needed to meet him, and Black would tell him where to meet one of his "runners" or employees to buy heroin. The informant also provided Jones with Black's telephone number. On July 12, 2012, Jones called the number he had been given by the informant and told Black that he needed to meet. Jones identified himself using the name of a person who had previously purchased drugs from Black, and Black acted as though he knew him. Black told Jones to go to Loop 820 and Sun Valley. The phone disconnected before they finished the call. Black called Jones back and told him to go to the A & W restaurant located at Loop 820 and Sun Valley and look for a black car. During this call, Jones did not explicitly ask to purchase heroin, but he knew from the tip that Black was selling heroin, and he understood that by asking to meet he was using the code for buying heroin. Deputy Jones, Lieutenant Kevin Turner, and two other investigators went to the A & W restaurant to locate the car. They arrived about ten minutes after Jones spoke with Black and saw a black 2006 Chevy Cobalt in the parking lot. It was the only black car present at the A & W when the officers arrived. Turner went to the west side of Loop 820 where he could keep an eye on the vehicle. On two different occasions, Turner watched an individual drive into the parking lot, get out of the car, and approach the Cobalt. In each instance, the individual leaned on the open window, engaged in a hand-to-hand transaction

---

[1] There is evidence in the record that the officers did not want to reveal the identity of the informant.

2

with the occupants of the car, and immediately left the area without going to the drive-through or into the restaurant. Turner could not see what was being exchanged, but each transaction lasted five seconds or less. He testified that this type of activity is consistent with narcotics sales. The Cobalt left the parking lot and law enforcement officers maintained visual contact with the vehicle until Deputy Charles Wiesman stopped it. Wiesman walked up to the driver's side and made contact with the driver, Appellant. He immediately smelled the odor of marihuana coming out of the open driver's window. Officers searched the vehicle and found thirteen individually wrapped baggies of heroin and a small quantity of marihuana in the console.

*Standard of Review*

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We must give almost total deference to the trial court's resolution of questions of historical fact and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex.Crim.App. 2011); *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex.Crim.App. 2013). Appellate courts review *de novo* mixed questions of law and fact that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Arguellez*, 409 S.W.3d at 662; *Wade v. State*, 422 S.W.3d 661, 667 (Tex.Crim.App. 2013)("We review *de novo* a trial judge's application of the law of search and seizure to the facts."). We review *de novo* whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. *Arguellez*, 409 S.W.3d at 663.

*Reasonable Suspicion*

An officer making an investigatory stop does not need to have probable cause to believe the suspect has engaged in criminal behavior because the Fourth Amendment demands only that

the officer have a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity. *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979); *Young v. State*, 420 S.W.3d 139, 142 (Tex.App.--Texarkana 2012, no pet.). A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler*, 348 S.W.3d at 914. Reasonableness is measured in objective terms by examining the totality of the circumstances. *Young*, 420 S.W.3d at 142. Consequently, the actual subjective intent of the arresting officer is disregarded, and the reviewing court considers whether there was an objectively justifiable basis for the detention. *Derichsweiler*, 348 S.W.3d at 914. Even though the circumstances may seem innocent when considered in isolation, if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. *Id.* In assessing reasonable suspicion, a reviewing court looks to the totality of objective information known collectively to the cooperating officers. *Derichsweiler*, 348 S.W.3d at 915; *Arguellez*, 409 S.W.3d at 663.

A confidential informant can provide the requisite reasonable suspicion to justify an investigative detention so long as additional facts are present to demonstrate the informant's reliability. *Smith v. State*, 58 S.W.3d 784, 790 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd). In this regard, "the informant's veracity, reliability, and basis of knowledge are highly relevant." *State v. Sailo*, 910 S.W.2d 184, 188-89 (Tex.App.--Fort Worth 1995, pet. ref'd). In a case involving the use of an informant, the court must consider the informant's reliability in analyzing the totality of the circumstances. *Smith*, 58 S.W.3d at 789. An informant's reliability can be established through evidence that the informant is known to the police and has provided credible

4

information in the past. *See Carmouche v. State*, 10 S.W.3d 323, 326 (Tex.Crim.App. 2000); *Smith*, 58 S.W.3d at 790; *see also Adams v. Williams*, 407 U.S. 143, 146-47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)(explaining that information obtained from informant who has been used before is stronger than anonymous tip). Additionally, reliability can be established by the presence of details relating not only to easily obtainable facts and conditions existing at the time of the tip, but also to future actions of third parties not easily predicted. *See Illinois v. Gates*, 462 U.S. 213, 241-46, 103 S.Ct. 2317, 2333-36, 76 L.Ed.2d 527 (1983); *Alabama v. White*, 496 U.S. 325, 329-30, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990).

## *Appellant's Arguments*

Appellant contends that the officers did not have reasonable suspicion to stop his car because the phone call to "Black" amounted to nothing more than an unsubstantiated anonymous tip and the activity observed by the officers at the A & W was "otherwise lawful activity." There is no evidence in the record to support an inference or finding that the person known as Black was making an anonymous tip regarding criminal activity to the policy. To the contrary, all of the evidence in the record reflects that the police were investigating Black for distributing heroin.

This investigation began when a confidential informant told Investigator Jones that a man known as "Black" was distributing heroin in the area. The informant also gave him Black's phone number. Jones called that number and spoke to Black while identifying himself using the name of someone who had previously purchased drugs from Black. Black acted as though he knew Jones. Jones told him only that he needed to meet, which Jones understood from the informant to be code for buying heroin from Black, and Black told him to go to a specific location and to look for a black car. Jones and other officers went to the A & W and they found one black car in the parking lot. The officers watched the black car for a while and observed

5

what they believed, based upon their training and experience, to be two separate drug transactions involving the occupants in the black car.

The record before us contains evidence demonstrating that the officers corroborated important details of the tip indicating criminal activity on the part of the occupants of Appellant's black Cobalt. Significantly, the tipster accurately predicted that Black would give Deputy Jones a location where he could purchase heroin from Black's runners or employees. The officers corroborated that aspect of the tip by traveling to the location and observed what they believed based upon their training and experience to be drug transactions. Thus, the officers independently corroborated the tip with respect to future actions by third parties. Based upon the totality of the circumstances, we conclude that the combination of the corroborated tip and the officers' observations of what they believed to be drug transactions established reasonable suspicion for the investigative detention of Appellant's vehicle and its occupants. *See Sailo*, 910 S.W.2d at 189-90; *see also White*, 496 U.S. at 331-32, 110 S.Ct. at 2417 (where police received anonymous tip that woman was carrying cocaine, reasonable suspicion existed where police independently corroborated details of the anonymous tip, including the description of the woman, the timeframe in which the tipster predicted she would leave the apartment building, the car she would be driving, and the hotel where the woman would go); *Glenn v. State*, 967 S.W.2d 467 (Tex.App.--Amarillo 1998), *pet. dism'd*, 988 S.W.2d 769 (Tex.Crim.App. 1999)(reasonable suspicion existed where anonymous informant told police he had seen drugs in defendant's car and predicted defendant would leave his apartment in vehicle within a couple of hours, informant's information was consistent with other information known to officers about defendant from other informants and another police officer, and officers corroborated every aspect of tip except presence of drugs before detaining defendant). We overrule the sole issue on appeal and

6

affirm the judgment of the trial court.

September 16, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

7

Michael Stewart # 1415287
1391 FM 3328
Tennessee Colony, TX. 75880

8th District's Texas Court of Appeals
c/o Denise Pacheco, Clerk
El Paso County Courthouse
500 E. San Antonio, Ave.,
El Paso, Texas 79901-2408

LEGAL MAIL:
Petition for Discretionary Review

500 E. San Antonio, Ave., Ste., 1203
El Paso, Texas 79901-2408